IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Off White Operating SRL and Venice SRL,<br>Plaintiffs,<br><br>v.<br><br>Saks & Company LLC and Saks.com LLC,<br>Defendants. | Civ. Action No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Off White Operating SRL ("Off White") and Venice SRL ("Venice") for their Complaint against Saks & Company LLC and Saks.com LLC (collectively, "Saks"), respectfully allege as follows:

**INTRODUCTION**

1. Plaintiffs Off White and Venice, by their attorneys, bring this action against Defendants Saks for breach of contract and unjust enrichment.

2. This is a breach of contract claim arising from Defendants' failure to pay. In 2015, Saks began a business relationship with Off White and Venice's parent company and sole shareholder New Guards Group Holding SpA ("NGG"), pursuant to which Saks would issue purchase orders for specified clothing items (the "Products") to NGG and/or its owned or controlled companies including Off White and Venice (collectively, the "NGG Parties") and the NGG Parties would fulfil them by delivering such Products for resale by Saks. Over the course of eight years, the parties consistently operated on a per-purchase order basis, with the terms of each transaction reflected in the applicable purchase order and related invoices and written communications. Off White and Venice have fully performed their obligations by timely

Klaris Law PLLC                                                                                          Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                                                                    (917) 612-5861

delivering Products in accordance with each applicable purchase order. Since June 2023 however, Saks has failed to remit payment for multiple fulfilled orders and is now several orders in arrears. As of the date of filing, Saks & Company LLC owes Off White no less than €366,805.08 (approximately $430,876.40 at the time of filing) and Venice no less than €486,471.79 (approximately $571,445.78 at the time of filing), and Saks.com LLC owes Off White no less than €149,432.28 (approximately $175,534.22 at the time of filing) and Venice no less than €69,236.86 (approximately $81,330.74 at the time of filing), for a total liability of no less than €1,071,946.01 (approximately $1,259,187.14 at the time of filing).

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for breach of contract and unjust enrichment under New York law.

4. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S. Code § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.00.

5. Additionally, this Court has personal jurisdiction over Defendants because Saks has its principal place of business at 225 Liberty Street, New York, NY, 10281.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Plaintiffs Off White and Venice are Italian corporations with registered offices in Milan, Via Filippo Turati 12, Italy.

8. Upon information and belief, Defendant Saks & Company LLC is a Delaware Limited Liability Company, authorized to do business in the state of New York, with its headquarters located at 225 Liberty Street, 31st Floor, New York, NY, 10281.

Klaris Law PLLC                                                              Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                                                (917) 612-5861

9. Upon information and belief, Defendant Saks.com LLC is a Delaware Limited Liability Company, authorized to do business in the State of New York, with its headquarters located at 225 Liberty Street, 25th Floor, New York, NY, 10281.

## FACTUAL ALLEGATIONS

10. Off White is an Italian luxury fashion company owned by NGG. Until March 27, 2025, NGG has been responsible for operating the day-to-day business activities of the *Off White* brand, created by the American designer and entrepreneur Virgil Abloh, and for selling *Off White* branded Products worldwide. As of the date of filing, Off White continues to render certain services related to the *Off White* brand and retains non-exclusive sales rights for specific Products associated with the Spring/Summer 2025 and Fall/Winter 2025 fashion seasons.

11. Venice is an Italian luxury fashion company owned by NGG. Until February 2025, Venice was responsible for the global distribution of the *Palm Angels* brand. As of the date of filing, Venice continues to render certain services related to *Palm Angels* and retains sales rights for certain Products associated with the Spring/Summer 2025 and Fall/Winter 2025 fashion seasons.

12. Beginning in or around May 2015, Off White and Venice began supplying Products to Saks through a consistent commercial course of dealing governed by written purchase orders and corresponding invoices issued by the Off White and Venice. Saks routinely submitted written purchase orders for specific quantities and types of Products, which Off White and Venice fulfilled promptly and professionally through their wholesale distribution channels. After each delivery, Off White and Venice provided a corresponding invoice for the delivered Products as further set forth in Exhibit A and Exhibit B below.

13. For a period of time, Saks paid Off White and Venice's invoices in the ordinary

Klaris Law PLLC                                            Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                              (917) 612-5861

course. However, beginning with invoice numbers A180014491 and A230017641, Saks & Company LLC and Saks.com LLC, respectively, failed to remit payment for multiple invoices, despite Off White and Venice's past and continued fulfilment of subsequent purchase orders.

14. In response to Saks' ongoing non-payment and to mitigate further losses, the NGG Parties suspended deliveries to Saks and notified Saks that no further Products would be delivered until all outstanding payments were made. This suspension by the NGG Parties applied not just to Defendants, but also to several other companies operating under the Saks Global Operating Group ("Saks Global") umbrella. Following this suspension, Saks.com LLC made a partial payment to the NGG Parties of €446,903.59 and, more recently of an additional €253,427.00, but a significant balance of no less than €1,071,946.01 remains outstanding.

15. On February 14, 2025 Saks Global reached out to NGG acknowledging their "challenges regarding payments" and conceding in a signed writing that the outstanding amount remained due to the NGG Parties and that Saks Global is "committed to fulfilling all of [their] obligations to [their] brand partners". To "help accelerate […] efforts to harmonize payment terms while working to resolve delayed payments", Saks Global offered to "implement the following, effective immediately: All purchase orders will be paid 90 days from receipt of inventory. […] All past due balances (based on previous terms) will be paid in 12 installments beginning in July 2025." A true and correct copy of this correspondence is attached hereto as Exhibit C.

16. On March 31, 2025, NGG requested that Saks Global Operating Group pay the then-current overdue invoices in three monthly installments with the first installment due immediately, in which event the NGG Parties would resume delivery of the outstanding purchase orders.

17. Saks Global orally agreed to the March 31, 2025, offer. Then, on April 9, 2025,

Klaris Law PLLC                                                    Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                                  (917) 612-5861

Saks Global appeared to retract its agreement and instead provided a new counter-offer to pay $958,000 in April and $500,000 within the coming week, provided the NGG Parties resumed delivery of outstanding orders as soon as possible.

18.     The NGG Parties did not hear again from Saks Global regarding payment of the outstanding invoices until May 30, 2025, whereby Saks Global informed NGG in a signed writing that it "secured $350 million in new financing commitments", thus has "approximately $700 million in liquidity available on a pro forma basis" and reiterated that they "remain committed to meeting [their] outstanding financial obligations to [their] partners as […] outlined in February." A true and correct copy of this correspondence is attached hereto as Exhibit D. Despite these assurances and multiple follow-up demands by the NGG Parties, €1,071,946.01 in unpaid invoices remains outstanding.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

19.     Plaintiffs repeat and incorporate by reference each and every allegation contained in paragraphs 1 – 18 above.

20.     Plaintiffs have performed their obligations by delivering Products to Defendants in accordance with the parties' longstanding course of dealing.

21.     Under this course of dealing, Defendants were obligated to remit payment within 30 days of receiving each applicable invoice, unless otherwise agreed upon between the parties in specific instances. Plaintiffs reasonably relied on this practice in continuing to fulfill Defendants' purchase orders.

22.     Plaintiffs delivered the Products to Defendants in good faith and in conformity with the relevant purchase orders. In turn, Defendants accepted the Products without objection.

23.     Despite continuing to accept the Products, receiving multiple invoices, and

Klaris Law PLLC                                             Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                              (917) 612-5861

conceding that payment remained due, Defendants have failed to remit payment on numerous outstanding invoices, beginning with invoice numbers A190000134 and A230017641 and continuing thereafter.

24. Plaintiffs made repeated demands for payment, and in response, Defendants made only a partial payment. As of the date of this filing, Defendants remain delinquent and owe Plaintiffs no less than €1,071,946.01.

25. Defendants' failure to pay for goods received constitutes a material breach of contract.

26. As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages in an amount not less than €1,071,946.01, exclusive of interest, attorneys' fees, and costs.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

27. Plaintiffs repeat and incorporate by reference each and every allegation contained in paragraphs 1 – 26 above.

28. At Defendants' request and for Defendants' benefit, Plaintiffs delivered substantial quantities of Products pursuant to written purchase orders issued by Defendants. Defendants accepted and retained the Products without objection.

29. Plaintiffs reasonably expected to be compensated for the value of the Products delivered and invoiced, consistent with the parties' established course of dealing.

30. Defendants have failed to remit payment for a significant portion of those Products, despite repeated demands and despite having retained and presumably resold or otherwise benefited from the Products.

31. Defendants have been unjustly enriched in an amount no less than €1,071,946.01.

32. In equity and good conscience, Defendants should not be able to retain or enjoy the benefits conferred by Plaintiffs without paying for them.

33. Plaintiffs are therefore entitled to recover from Defendants the value of the unjust enrichment in an amount no less than €1,071,946.01, exclusive of interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and relief against Defendants as follows:

a. Damages in an amount no less than €1,071,946.01, or such other amount to be determined at trial;

b. Awarding Plaintiffs' costs and expenses incurred in this action;

c. Awarding Plaintiffs prejudgment interest at the highest rate allowed under law; and

d. For such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

DATED: July 28, 2025

        Respectfully submitted,

        /s/ Lacy H. Koonce, III
        _____

        Klaris Law PLLC
        Lacy H. ("Lance") Koonce, III
        161 Water Street
        New York, NY 10014
        (917) 612-5861
        lance.koonce@klarislaw.com

        *Attorney for Plaintiffs*